Mark D. Estle, SBN 135004
Buckley Madole, P.C.
12526 High Bluff Drive, Suite 238
San Diego, CA 92130
Telephone: 858-720-0890
Fax: 858-720-0092
Mark.Estle@BuckleyMadole.com

Attorney for Movant

# UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA –LOS ANGELES DIVISION

| In re | Case No. **2:12-bk-33046-WB** |
|---|---|
| **Jesus Francisco Bobadilla,** **Sandy Carol Bobadilla,** **aka Sandy Carol Munoz**         Debtor, | Chapter **13** **STIPULATION FOR ADEQUATE PROTECTION** Date: 5/5/2015 Time: 10:00 am Courtroom: 1375 Place: 255 E Temple Street            Los Angeles, CA 90012 |

5557-N-8805

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Mark D. Estle, SBN 135004**<br>**Erica T. Loftis, SBN 259286**<br>**Buckley Madole, P.C.**<br>**12526 High Bluff Drive, Suite 238**<br>**San Diego, CA 92130**<br>**Telephone: 858-720-0890**<br>**Fax: 858-720-0092**<br>**Mark.Estle@BuckleyMadole.com**<br><br>☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>**Jesus Francisco Bobadilla,**<br>**Sandy Carol Bobadilla,**<br>**aka Sandy Carol Munoz**<br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: **2:12-bk-33046-WB**<br>CHAPTER: **13**<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY**)<br><br>DATE:    **5/5/2015**<br>TIME:    **10:00 am**<br>COURTROOM:    **1375**<br>PLACE:    **255 E Temple Street**<br>            **Los Angeles, CA 90012** |
|---|---|

**Movant:    Nationstar Mortgage LLC**

1. The Motion was:    ☐ Opposed    ☐ Unopposed    ☒ Settled by stipulation

2. The Motion affects the following real property (Property):

   *Street address*:    **3242 Huron Street**
   *Unit/suite number*:
   *City, state, zip code*:    **Los Angeles, California 90065**

   Legal description or document recording number (including county of record):
   **20081140359 Los Angeles County**

   ☐    See attached page.

OrdMfr_CAC_R14                                                                                                                            5557-N-8805
This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                                                Page 1                                                            **F 4001-1.RFS.RP.ORDER**

3. The Motion is granted under:

   a. ☐  11 U.S.C. § 362(d)(1)

   b. ☐  11 U.S.C. § 362(d)(2)

   c. ☐  11 U.S.C. § 362(d)(3)

   d. ☐  11 U.S.C. § 362(d)(4). The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:

      (1) ☐  The transfer of all or part ownership of, or other interest, in, the Property without the consent of the secured creditor or court approval; and/or

      (2) ☐  Multiple bankruptcy cases affecting the Property.

      (3) ☐  The court   ☐ makes   ☐ does not make   ☐ cannot make
      a finding that the Debtor was involved in this scheme.

      (4) ☐  If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order shall be binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

4. ☐  As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

   a. ☐  Terminated as to the Debtor and the Debtor's bankruptcy estate.

   b. ☐  Modified or conditioned as set for the in Exhibit ___ to this order.

   c. ☐  Annulled retroactively to the bankruptcy petition date. Any post-petition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5. ☐  Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐  Movant must not conduct a foreclosure sale of the Property before (*date*) _____.

7. ☒  The stay remains in effect subject to the terms and conditions set forth in the Adequate Protection Agreement contained within this order.

8. ☐  In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order. The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

9. ☐  The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, as to the same terms and conditions as to the Debtor.

10. ☐  The 14-day stay provided by FRBP 4001(a)(3) is waived.

11. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

12. Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

OrdMfr_CAC_R14                                                                                                                                      5557-N-8805

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                                     Page 2                                                     **F 4001-1.RFS.RP.ORDER**

13. Upon entry of this order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C),

14. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

15. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

16. ☐ This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

17. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

18. ☐ Other (specify):

###

OrdMfr_CAC_R14                                                                                                                                    5557-N-8805
This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                                  Page 3                                        **F 4001-1.RFS.RP.ORDER**

# ADEQUATE PROTECTION AGREEMENT

*(This attachment is the continuation page for paragraph 7 of this order.)*

The stay remains in effect subject to the following terms and conditions:

1. ☐ The Debtor tendered payments at the hearing in the amount of $_____.

2. ☑ Commencing **May 1, 2015,** Debtors will make monthly payments pursuant to the Home Affordable Modification Program ("HAMP") in the amount of **$1,320.31,** per month until the earlier of the date the final Modification has been booked or denial notice is issued by Movant. If the final Modification is entered into, the adequate protection payments shall revert to the terms set forth therein. If the Modification is denied the Debtor shall be responsible for curing the post-petition defaults which will accrue due to these partial payments within 10 days from the date of denial.

    **Nationstar Mortgage LLC**
    **350 Highland Drive**
    **Lewisville, Texas 75067**

3. ☑ The Debtor must cure the post-petition default as follows:

    a. ☐ In equal monthly installments of $_____ each commencing (*date*) _____ and continuing thereafter through and including _____.

    b. ☐ By paying the sum of $_____ on or before (*date*) _____,

    c. ☐ By paying the sum of $_____ on or before (*date*) _____,

    d. ☐ By paying the sum of $_____ on or before (*date*) _____,

    e. ☑ Other (*specify*):
    If the loan Modification is denied or hasn't been booked within 90 days, the Plan must be amended within 10 days thereafter to provide for the arrears and if the post-petition arrears are not included, payment of such arrears must then be immediately made.

4. ☑ The Debtor must maintain insurance coverage on the Property and must remain current on all taxes that become due post-petition with regard to the Property.

5. ☐ The Debtor must file a disclosure statement and plan on or before (*date*) _____
    A disclosure statement must be approved on or before (*date*) _____
    A plan must be confirmed on or before (*date*) _____

6. ☑ Upon any default in the terms and conditions set forth in paragraphs 1 through 5 of this Adequate Protection Agreement, Movant must serve written notice of default to the Debtor, and any attorney for the Debtor. If the Debtor fails to cure the default within 14 days after service of such written notice:

    a. ☐ The stay automatically terminates without further notice, hearing or order.

    b. ☑ Movant may file and serve declaration under penalty of perjury specifying the default, together with a proposed order terminating the stay, which the court may grant without further notice or hearing.

    c. ☐ Movant may move for relief from the stay upon shortened notice pursuant to LBR 9075-1(b).

    d. ☐ Movant may move for relief from the stay on regular notice pursuant to LBR 9013-1(d).

ApoMfr_CAC_X14                                                                                                                                          5557-N-8805

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                                      Page 4                                                      **F 4001-1.RFS.RP.ORDER**

7. ☑ Notwithstanding anything contained in this Adequate Protection Agreement to the contrary, the Debtor is entitled to a maximum of (*number*) **three (3)** notices of default and opportunities to cure pursuant to the preceding paragraph. Once the Debtor has defaulted this number of times on the obligations imposed by this order and has been served with this number of notices of default, Movant is relieved of any obligation to serve additional notices of default and provide additional opportunities to cure. If an event of default occurs thereafter, Movant shall be entitled, without first serving a notice of default and providing the Debtor with an opportunity to cure, to file and serve a declaration under penalty of perjury setting forth in detail the Debtor's failures to perform under this Adequate Protection Agreement, together with a proposed order terminating the stay, which the court may enter without further notice or hearing.

8. ☑ This Adequate Protection Agreement is binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, this Adequate Protection Agreement ceases to be binding and Movant may proceed to enforce its remedies under applicable nonbankruptcy law against the Property and/or against the Debtor.

9. ☑ If Movant obtains relief from stay based on the Debtor's defaults under this Adequate Protection Agreement, the order granting that relief will contain a waiver of the 14-day stay as provided in FRBP 4001(a)(3).

10. ☑ Movant may accept any and all payments made pursuant to this order without prejudice to or waiver of any rights or remedies to which it would otherwise have been entitled under applicable nonbankruptcy law.

11. ☑ Other (*specify*):

   If Movant obtains relief from stay based on the Debtor's defaults under this Adequate Protection Agreement, the order granting such relief is

   a. binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

###

APPROVED AS TO FORM AND CONTENT:

Dated: 04/25/15

John D. Monte
Attorney for Debtors
Jesus Francisco Bobadilla and Sandy Carol Bobadilla

Dated: 4/27/15

ERIKA LOFTIS #259286
Mark D. Estle
Attorney for Movant
Nationstar Mortgage LLC